IN RE MALKOVSKY.

(No. 84AP-751—Decided February 5, 1985.)

*Bailey, Houfek & Hoover* and *Douglas E. Hoover,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Les Swinford, Jr.,* for appellee Timothy B. Moritz Forensic Unit.

NORRIS, J. The agreed statement of the parties, submitted pursuant to App. R. 9(D), reads, in part, as follows:

"In August, 1979, appellant [Noreen Malkovsky] * * * was convicted * * * of three counts of aggravated murder and was sentenced to life imprisonment at the Marysville Reformatory for Women. Thereafter, on February 7, 1984 and pursuant to an affidavit alleging her to be mentally ill, appellant was transferred to the Timothy B. Moritz Forensic Unit (TBMFU), a maximum security facility operated by the Department of Mental Health. These proceedings were in accordance with R.C. 5120.17 * * *. On February 15, 1984 a full hearing was held pursuant to R.C. 5122.15 and at such hearing appellant was found to be mentally ill subject to court ordered hospitalization. She was committed to TBMFU for a period not to exceed ninety days. R.C. 5122.15(C).

"On May 14, 1984, pursuant to an application for continued commitment per R.C. 5122.15(H), a full hearing was scheduled before a * * * referee of the Probate Division of the Franklin County Court of Common Pleas. Prior to commencement of that hearing, counsel for appellant informed the referee that appellant desired to apply for voluntary admission to TBMFU and moved the court to permit such application. * * *"

The trial court ultimately disallowed the application. Portions of its opinion follow:

"Counsel for respondent has argued that § 5122.15(G) sets forth who may apply for voluntary admission and that said statute in conjunction with Ohio Revised Code § 5122.02 is controlling and thus respondent has the right to apply for voluntary admission. To come to

such a conclusion creates an interpretation with multiple statutory conflicts and inconsistencies and an interpretation that the legislature never intended. Section 5122.02(C) of the Ohio Revised Code entitled 'Admission of Voluntary Patients' states in pertinent part that:

" 'The head of the hospital shall discharge any voluntary patient who has recovered or whose hospitalization he determines to be no longer advisable * * *.' "

The trial court went on to note the inconsistency of that statute with that portion of R.C. 5120.17 which provides that a person who has been transferred from a penal institution to a mental health facility, is to be returned to his former place of detention should he recover from his mental illness prior to the expiration of his sentence.

In addition, the court pointed out that, under R.C. 5122.15(G)(2) and (3), neither a person found not guilty by reason of insanity, nor a person found incompetent to stand trial, can voluntarily commit himself. It concluded that the General Assembly could not have intended that a person who has been convicted of a crime would have the right to voluntarily commit himself and thus be eligible for release under R.C. 5122.02(C), when he is deemed recovered from his mental illness.

It is appellant's position that she was entitled to voluntary admission once the R.C. 5120.17 procedure for transfer had been commenced by reformatory officials, since there is no express prohibition set out in R.C. 5122.15(G) to her applying for voluntary admission.

While the prohibition may not be express, it is apparent that the General Assembly did not contemplate that voluntary admission would be open to those who have lost their freedom due to conviction for crime. This is made especially clear by the General Assembly having specifically exempted from voluntary admission two classes of per-

sons who have been charged with the commission of crime but have not been convicted of crime. R.C. 5122.15(G)(2) and (3). Certainly, the General Assembly would not have prohibited those persons from seeking voluntary admission and yet have permitted a person convicted of crime to claim the advantages of voluntary admission. See, *e.g., Townsend* v. *McAvoy* (1984), 12 Ohio St. 3d 314.

Because R.C. 5120.17 provides the exclusive means by which a person confined in a state penal institution may be transferred to and discharged from an institution for the mentally ill, and voluntary admission is clearly not contemplated within the statutory scheme, the assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and CONNORS, JJ., concur.

CONNORS, J., of the Sixth Appellate District, sitting by assignment in the Tenth Appellate District.