### REID

v.

### MORRIS, Chief Executive Officer, Central Ohio Psychiatric Hospital.

[Cite as *Reid v. Morris* (1990), 70 Ohio App.3d 807.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–431.

Decided Dec. 27, 1990.

---

*Richard F. Swope,* for petitioner.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Beverly Yale Pfeiffer,* for respondent.

PEGGY BRYANT, Judge.

Petitioner, Donald Reid, filed this original action requesting that this court issue a writ of habeas corpus ordering petitioner's release from confinement from the Central Ohio Psychiatric Hospital pursuant to R.C. 2945.40(D)(6), which specifies that conditional release of an individual "shall terminate no later than on the expiration of the maximum sentence the person could have served in a penal institution if had he been convicted of the most serious offense for which he was found not guilty by reason of insanity."

Pursuant to Civ.R. 53 and Section 13, Loc.R. 11 of the Tenth Appellate District, this matter was referred to a referee, who on July 23, 1990, issued a report, including findings of fact and conclusions of law. Therein, the referee recommended that the requested writ of habeas corpus be denied, as petitioner has an adequate remedy by way of appeal, thus precluding habeas corpus as a remedy in this case. Petitioner filed an objection to the referee's report, contending that habeas corpus is the proper remedy herein, as relator challenges the jurisdiction of the trial court.

We adopt the referee's findings of fact, which, pursuant to stipulation, indicate that on October 12, 1983, petitioner was indicted for carrying a concealed weapon and having a weapon under disability. He subsequently was indicted on November 23, 1983, for having a concealed weapon while under disability. In November and December 1984, petitioner was found not guilty of the various charges by reason of insanity, and was committed to the Central Ohio Psychiatric Hospital pursuant to R.C. 5122.01(B). Petitioner has had conditional release from the Central Ohio Psychiatric Hospital several times, and on or about September 19, 1989, a judge of the Franklin County Court of Common Pleas terminated petitioner's then current conditional release and returned him to the Central Ohio Psychiatric Hospital. Petitioner remains a patient at the hospital. The trial court's September 19, 1989 decision terminating petitioner's conditional release is on appeal before this court.

 As the referee properly notes, a writ of habeas corpus cannot be used as a substitute for appeal. *Adams v. Humphreys* (1986), 27 Ohio St.3d 43, 27 OBR 456, 500 N.E.2d 1373; *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 4 O.O.3d 485, 364 N.E.2d 286; *Walker v. Maxwell* (1965), 1 Ohio St.2d 136, 30 O.O.2d 487, 205 N.E.2d 394. However, as the Supreme Court noted in *Townsend v. McAvoy* (1984), 12 Ohio St.3d 314, 12 OBR 385, 466 N.E.2d 555:

" * * * [H]abeas corpus may be used when challenging the *jurisdiction* of the court which ordered confinement, regardless of the availability of appeal. *In re Lockhart* (1952), 157 Ohio St. 192 [47 O.O. 129, 105 N.E.2d 35] * * *.

As petitioner is challenging the jurisdiction of the committing court, habeas corpus is an appropriate remedy." *Id.*, 12 Ohio St.3d at 315, 12 OBR at 386, 466 N.E.2d at 556. (Emphasis added.)

Hence, contrary to the referee's report, habeas corpus is the appropriate remedy to challenge the trial court's jurisdiction to confine petitioner after terminating his conditional release. To that extent, petitioner's objection to the referee's report is sustained.

■ As a result, the issue before us is whether the trial court had jurisdiction to terminate petitioner's conditional release and return him to confinement. If so, habeas corpus should be denied; if not, habeas corpus should be granted.

In *Townsend, supra*, the Supreme Court of Ohio discussed jurisdiction of a trial court under R.C. 2945.40 and 5122.15. After reviewing the pertinent language of those sections, the Supreme Court concluded that they "evidence a clear intent that the trial court is to have continuing jurisdiction." *Id.* at 316, 12 OBR at 387, 466 N.E.2d at 557. Accordingly, the Supreme Court held that "the trial court has jurisdiction to decide questions relating to the continued commitment of a person committed pursuant to R.C. 2945.40 after being found not guilty by reason of insanity, and such jurisdiction continues until the time of lawful discharge." *Id.* at 316, 12 OBR at 387, 466 N.E.2d at 557.

While the dispute in the present case centers around the language of R.C. 2945.40(D)(6), that language does not provide that on termination of conditional release the person is released from further confinement; rather, after the prosecutor is notified by the trial court of termination of conditional release, the prosecutor may file an affidavit for the hospitalization or institutionalization of the person whose conditional release was terminated. Hence the language herein, much as that cited in the Supreme Court's opinion in *Townsend*, evidences an intent that the trial court have continuing jurisdiction in this matter. While the relevant statutes have been amended since *Townsend*, the rationale of *Townsend* controls the outcome in this case: we similarly find that the trial court had continuing jurisdiction herein. As a result, petitioner's request for a writ of habeas corpus must be denied.

Following independent review pursuant to Civ.R. 53, we adopt the referee's findings of fact, but under *Townsend, supra*, we reject the conclusions of law contained in the referee's report. However, for the reasons set forth herein, we adopt the referee's recommendation, and the petition for writ of habeas corpus is denied.

*Objection sustained;*
*writ denied.*

WHITESIDE and GRIGSBY, JJ., concur.

JOSEPH B. GRIGSBY, J., of the Union County Court of Common Pleas, sitting by assignment.