OPINION
Defendant Bruce Bai appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which overruled his motion for release from commitment. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR
THE TRIAL COURT LACKED JURISDICTION AND ERRED IN CONTINUING DEFENDANT-APPELLANT'S COMMITMENT FOR CONSECUTIVE TERMS.
The record indicates appellant was arrested on July 22, 1997, for carrying a concealed weapon in violation of R.C. 2923.12. Following his arrest, Canton Police transported appellant to Columbia Mercy Medical Center in Canton, Stark County, Ohio. Later, appellant was admitted to Massillon Psychiatric Center, and held for treatment until discharged to the Stark County Jail on September 8, 1997. Appellant was under a police hold during the entire time of his hospitalization. On September 9, 1997, appellant was arraigned in Canton Municipal Court, and subsequently indicted by the Stark County Grand Jury. Appellant entered a plea of not guilty by reason of insanity, and the trial court ordered an evaluation of his competence. Throughout this time, appellant remained in the Stark County Jail without bond. On November 9, 1997, while appellant was incarcerated in the Stark County Jail, he was charged with two counts of assault in violation of R.C.2903.13. One count involved a peace officer and a corrections officer, and arose out of an incident at the Stark County Jail. Appellant was arraigned, and subsequently indicted for these charges, and pled not guilty by reason of insanity on December 24, 1997. On January 14, 1998, the trial court reviewed the results of the evaluation of appellant's competency. By stipulation, the court found appellant was competent to stand trial, and also found appellant was incapable of understanding the wrongness of his actions on the dates of the offense of the charge in the indictment. The trial court therefore found appellant not guilty by reason of insanity on all offenses charged. On February 18, 1998, the trial court found appellant was mentally ill and subject to hospitalization, and committed him to Massillon Psyschiatric Center. Appellant had been incarcerated in the Stark County Jail until he was transferred on March 6, 1998. On April 3, 1998, and on September 30, 1998, the trial court held review commitment hearings, and continued appellant's hospital commitment. On March 25, 1999, the trial court again considered appellant's continued commitment. Appellant asserts at this time, he had been detained by police or court order either in Stark County Jail or Massillon Psychiatric Center since July 2, 1997, for a total of 612 days, in excess of 20 months. At that time, defense counsel moved the trial court for release from commitment based upon the expiration of the maximum period of time for which appellant could be held pursuant to R.C. 2045.401. The trial court found it had jurisdiction to consider the continued commitment of the appellant, and determined the maximum time appellant could be committed should be the maximum period of time to which the court could legally sentence him, whether consecutive or concurrent. The trial court concluded appellant should be committed for two 18 month terms of confinement, to run consecutively, for a total of 36 months.
R.C. 2945.401 states in pertinent part: (J)(1) A defendant or person who has been committed pursuant to section 2945.39 or2945.40 of the Revised Code continues to be under the jurisdiction of the trial court until the final termination of the commitment. For purposes of division (J) of this section, the final termination of a commitment occurs upon the earlier of one of the following: (a) the defendant or person no longer is a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order, as determined by the trial court; (b) the expiration of the maximum prison term or term of imprisonment that the defendant or person could have received if the defendant or person had been convicted of the most serious offense with which the defendant or person is charged or in relation to which the defendant or person was found not guilty by reason of insanity; (c) the trial court enters an order termination the commitment under the circumstances described in division (J)(2) (ii) of this section.
There are two issues presented here, first being whether the court erred in continuing appellant's commitment for consecutive terms. The State asks us to also consider the issue of jurisdiction of the court in this matter. R.C. 2945.401 (A) provides that if the jurisdiction is terminated under this division because of the final termination of the commitment resulting from the expiration of the maximum term of imprisonment described in division (J)(1), then the court or the prosecutor may file an affidavit for the civil commitment of the defendant pursuant to R.C. Chapter 5122 or 5123. Appellant argues the plain language of this statute sets forth what the legislature contemplated in this situation where a mentally ill person commits a crime, is committed after being found not guilty by reason of insanity, and has not recovered after being held for the maximum period of time. We agree with appellant the statute clearly provides he may not be held past the maximum prison term or term of imprisonment he could have received had he been convicted of the most serious offense with which he was charged. The statute does not provide for consecutive sentences, and we find the maximum appellant could be held was 18 months. The State cites us to Townsend v. McAvoy (1984), 12 Ohio St.3d 314, wherein the Ohio Supreme Court held a trial court has jurisdiction to continue the commitment of a person in order to decide questions relating to this continued commitment, and the jurisdiction continues until the time of lawful discharge, sullabus by the court. In Townsend, the court relied on R.C. 2945.40 (F), as in effect at the time, which required the hospital to notify the court by certified mail regarding the current status of the person and the hospital's recommendation concerning that person's discharge. This court following the Supreme Court's holding in State v. Loker (October 22, 1984), Stark App. No. CA6414, unreported. We note the statute has been amended since the decision in Townsend. The case at bar is distinguishable from Townsend. Certainly, as the syllabus in Townsend holds, the trial court always has jurisdiction to review an order it has entered, and here the trial court had jurisdiction to hold the hearing and review whether or not appellant should be held. However, the court here did not have authority under R.C. 2945.401 to hold appellant after the expiration of the maximum prison term. Instead, the legislature clearly intends for the prosecutor or the court to file an affidavit for civil commitment if the mentally ill individual should not released. The current statute, R.C. 2945.401 provides the chief clinical officer of the hospital may recommend termination or change of conditions, of the person's commitment and provides for notice to the court in an application for approval. Townsend noted the statute in effect at that time contained provisions which guard against the inadvertent or misguided release of an individual who is a great threat to the safety of the public. The legislature has clearly amended the procedures it intends for courts to follow. Our review of the record leads us to conclude the trial court erred in finding appellant's maximum period of commitment following the finding of not guilty by reason of insanity would be the maximum consecutive period of time he could be incarcerated on each offense. We further conclude the trial court had jurisdiction to review appellant's commitment pursuant to his motion for release, but lacked jurisdiction to continue the commitment. The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Farmer, J., and Reader, V. J., concur