OPINION
Defendant-appellant Richard J. Pollack[1] appeals from the denial of his motion for discharge. He was found not guilty by reason of insanity foron one count of Carrying a Concealed Weapon on February 22, 2001. Following a treatment hearing under R.C. 2945.40, the trial court found Pollack mentally ill and ordered hospitalization.
Pollack argues that the trial court failed to comply with the time limits of R.C. 2945.40(B). The court was required to hold a treatment hearing within ten days of finding Pollack NGRI not guilty by reason of insanity, to determine if he was mentally ill and subject to court-ordered hospitalization under R.C. 2945.40. This hearing was originally scheduled for March 8, 2001, but was then rescheduled twice until March 30, 2001. On March 30, 2001, Pollack filed a motion for discharge, which the trial court denied. Pollack argues that the court's failure to act timely deprived the court of subject-matter jurisdiction to order commitment and violates his rights to due process under the Ohio and United States Constitution.
We disagree. The time limits of R.C. 2945.40(B) are directory, not mandatory, and failure to comply with them will not deprive a court of subject-matter jurisdiction to order commitment. Further, Pollack's due process rights were not violated by the court being one day late in holding the hearing. Accordingly, the judgment of the trial court is Affirmed.
 I
Pollack was indicted for one count of Carrying a Concealed Weapon. He originally pled not guilty, but later changed his plea to not guilty by reason of insanity ("NGRI"). The court ordered a competency evaluation to determine if Pollack was competent to stand trial. He was eventually transferred to Twin Valley Psychiatric System ("Twin Valley") where he was deemed to lack mental capacity to proceed. In November, 2000, the court found Pollack competent to withstand trial, but that he possessed clinical and logistical needs which that would be best served by his commitment to a locked civil unit at Twin Valley for the maintenance of his competency.
On February 22, 2001, Pollack was found NGRI. The court ordered the Forensic Psychiatry Center for Western Ohio to conduct an evaluation pursuant to R.C. 2945.40 to determine if he was mentally ill and subject to court-ordered treatment. After two continuances, Pollack filed a motion for discharge because the court failed to hold a timely hearing pursuant to R.C. 2945.40. On March 30, 2001, the court found that the hearing delay was reasonable and overruled his motion. Further, the court determined that Pollack was mentally ill and ordered hospitalization at Twin Valley. From that judgment, Pollack appeals.
 II
Pollack's first assignment of error is as follows:
 WHETHER THE PLAINTIFF IS ENTITLED TO A WRIT OF HABEAS CORPUS DUE TO THE STATE'S FAILURE TO FOLLOW THE TEN-DAY RULE SET FORTH IN O.R.C. 2945.40(B) THEREBY DIVESTING THE COURT OF SUBJECT MATTER JURISDICTION
Pollack argues that the time limitation in R.C. 2945.40(B) is mandatory and that the trial court's failure to follow it deprived the court of jurisdiction to order commitment. Thus, he claims he is entitled to a writ of habeas corpus.
We note at the outset that Pollack has not filed an original action seeking a writ of habeas corpus, but instead has filed an appeal. Accordingly, Pollack is not entitled to a writ of habeas corpus, regardless of our resolution of this issue. Moreover, even if Pollack had filed an original action seeking a writ of habeas corpus because of the court's alleged lack of subject-matter jurisdiction, he would still not be entitled to the writ on jurisdictional grounds.
This case presents an issue of first impression regarding whether a trial court loses subject-matter jurisdiction to determine if an individual is mentally ill and should be committed for treatment after acquittal by reason of insanity if the court fails to comply with the time requirements set forth in R.C. 2945.40. This statute, which governs the commitment of individuals to mental institutions who are found not guilty by reason of insanity (NGRI), does not specifically address the issue. Instead, it merely It simply provides that the court must conduct a full hearing to determine whether an individual is mentally ill and subject to court-ordered hospitalization within ten days after the court finds a defendant NGRI, subject to limited exceptions:
 (B) The court shall hold the hearing under division (A) of this section to determine whether the person found not guilty by reason of insanity is a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order within ten days after the finding of not guilty by reason of insanity. Failure to conduct the hearing within the ten-day period shall cause the immediate discharge of the respondent, unless the judge grants a continuance for not longer than ten days for good cause shown or for any period of time upon motion of the respondent.
R.C. 2945.40(B).
Failure to hold a timely hearing results in the immediate discharge of a defendant. Id.
While we have found no cases directly on point, Ohio Supreme Court precedent as well as public policy considerations lead us to conclude that this trial court's failure to conduct a treatment hearing within the time limits of R.C. 2945.40(B) does not deprive the trial court of authority to order commitment of a mentally ill defendant. Cf. State v. Ware (1988), 44 Ohio App.3d 201.
 "As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure." State ex rel. Jones v. Farrar (1946), 146 Ohio St. 467, 32 O.O. 542, 66 N.E.2d 531, at paragraph three of the syllabus. This is so "unless the object or purpose of a statutory provision requiring some act to be performed within a specified period of time is discernible from the language employed." Id.
 Generally, then, it is only where a statutory time requirement evinces an object or purpose to limit a court's authority that the requirement will be considered jurisdictional. For example, R.C. 2941.401
involving speedy trial rights for untried indictments provides that if the action is not brought within the required time, "no court any longer has jurisdiction thereof, the indictment * * * is void, and the court shall enter an order dismissing the action with prejudice."
State v. Bellman (1999), 86 Ohio St.3d 208, 210.
R.C. 2945.40(B) is a time restriction on the performance of an official duty. Furthermore, the language and the purpose of the statute contain no language restricting terminating a trial court's jurisdiction for, or otherwise barring further proceedings, as a result of the failure to comply with the time limits. Thus, the statute is directory. Additionally, common sense dictates that we find this provision to be nonjurisdictional. If we decided otherwise, then a missed deadline would require the court to return a potentially dangerous defendant to society because of a technicality. In no way would this serve the best interests of society or the potentially mentally ill defendant. Accordingly, a failure to comply with the time requirements of R.C. 2945.40 does not deprive a court of jurisdiction to order treatment of a mentally ill individual.
Thus, By contrast, R.C. 2945.73 expressly provides that when a criminal defendant is not brought to trial within the time prescribed by the statute, the defendant is entitled to be discharged, and he shall not thereafter be subject to prosecution for the same offense. Thus, the General Assembly knows how to establish a failure to hold a hearing within a prescribed time as a bar to further proceedings, but did not do so in connection with the requirement set forth in R.C. 2945.40(B). This leads us to the conclusion that although Pollack would have been entitled to be discharged from the institution where he was being held when the time prescribed by the statute elapsed, see R.C. 5122.30, the trial court did not lose jurisdiction, and the hearing could be held at a later time, as it was.
Pollack's reliance on Townsend v. McAvoy (1984), 12 Ohio St.3d 314, to support his contention that a court has no authority to order commitment once it fails to comply with the time limitations of R.C. 2945.40(B) is misplaced. He cites Townsend for the proposition that a court loses jurisdiction over the continued confinement of a person committed pursuant to R.C. 2945.40 when that person is eventually discharged following his commitment and treatment.[2] Pollack's case is distinguishable, because it involves a court's jurisdiction before commitment pursuant to R.C. 2945.40. Thus, even though Pollack was entitled to be discharged from custody pending the dispositional hearing, in view of the fact that the trial court waited too long to hold the hearing, his discharge would not have affected the court's continued jurisdiction to order treatment.
Pollack's first assignment of error is overruled.
Our decision should not be read, however, to render superfluous R.C.2945.40(B)'s time requirements. Where a trial court fails to conduct a timely hearing, the time constraint in the statute does serve as a justification for seeking a writ of habeas corpus on other grounds. R.C.5122.30 ("Any person detained pursuant to this chapter or section2945.39, 2945.40, 2945.401, or 2945.402 of the Revised Code shall be entitled to the writ of habeas corpus upon proper petition by self or by a friend to any court generally empowered to issue the writ of habeas corpus in the county in which the person is detained"). Here, Pollack was entitled to immediate discharge after the trial court failed to hold his treatment hearing in a timely manner under the express terms of R.C.2945.40(B). Thus, the trial court erred and should have granted his motion for discharge. Further, if Pollack had sought a writ of habeas corpus based on the plain language of the statute, then he would have been entitled to release until the court conducted the hearing. Any error in this respect is harmless, however, because Pollack does not challenge the court's ultimate commitment order.
 III
Pollack's second assignment of error is as follows:
 WHETHER THE FAILURE OF THE STATE OF OHIO TO COMPLY WITH THE STRICT TEN (10) DAY RULE OF O.R.C. 2945.40(B) IS VIOLATIVE OF THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTION
Pollack contends that the court's failure to conduct his treatment hearing within the time limits of R.C. 2945.40(B) deprivesd him of due process of the law under the United States and Ohio Constitutions. We disagree.
Individuals in Ohio committed to mental institutions are protected both by the due process clauses of the U.S. and Ohio Constitutions and by statute under Chapter 5122. In Re Fisher (1974), 39 Ohio St.2d 71; State v. Thomas (Aug. 20, 1985), Lawrence App. No. 1742, unreported. We agree with Pollack that continued confinement of a person who is not mentally ill because he may be dangerous if released results in a violation of that individual's due process rights. See Foucha v. Louisiana (1992),504 U.S. 71, 118 L.Ed.2d 437, 112 S.Ct. 1780. However, we conclude that in this instance since Pollack had a full R.C. 2945.40(B) hearing within a reasonable period of time (one day after the time requirements set forth in the statute) that resulted, resulting in a finding of mental illness, and since. Pollack has not demonstrated any manner in which he was prejudiced at the hearing as a result of its having been held one day beyond the time prescribed by the statute.
As noted in Part II, above, Pollack may have been entitled to have been discharged from custody once the time under the statute had expired, pending the hearing, and he might have been able to secure that relief through a writ of habeas corpus was available upon request, Pollack's constitutional due process rights were not violated.
The fact that he was in custody one day longer than he ought to have been, however, has not been shown to have prejudiced his position at the hearing.
Pollack's second assignment of error is overruled.
 IV
Both of Pollack's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.
[1] In the notice of appeal, the defendant has been designated by the last name of "Pollock." In the judgment appealed from, the defendant's last name has been identified as "Pollack."
[2] R.C. 2945.401, enacted after Townsend, now governs the continuing jurisdiction of a trial court after a defendant is committed pursuant to R.C. 2945.39, which addresses proceedings after the expiration of the maximum period of treatment after a finding of incompetency, or R.C.2945.40, which addresses commitment upon acquittal by reason of insanity. R.C. 2945.401does not apply here because Pollack was found competent to stand trial prior to expiration of the maximum treatment term after his original finding of incompetency, and he had not yet been committed under R.C. 2945.40.