The STATE of Ohio, Appellee,

v.

WERNER, Appellant.

[Cite as *State v. Werner*, 168 Ohio App.3d 272, 2006-Ohio-3866.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

Nos. OT–05–038 and OT–05–052.

Decided July 28, 2006.

[redacted]

Mark Mulligan, Ottawa County Prosecuting Attorney, and Lorrain R. Croy, Assistant Prosecuting Attorney, for appellee.

Michael W. Sandwisch, for appellant.

SINGER, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, ordering continued commitment of a defendant found not guilty of burglary by reason of insanity. We conclude that the trial court's determination that appellant is mentally ill subject to hospitalization was proper, given the evidence before it; however, we also find that the trial court improperly denied appellant appointment of an independent expert for evaluation at that hearing. Consequently, we vacate the court's judgment and remand the matter for an additional hearing.

{¶ 2} Appellant is Beau M. Werner. The record is not clear on the details of appellant's original offense. From various reports contained in the record, it appears that on November 5, 2002, appellant attempted to enter a home that was being remodeled by representing himself to the construction workers as a member of the owner's family.

{¶ 3} Subsequently, appellant was named in a two-count indictment, charging him with burglary and breaking and entering. Maintaining that at the time of his offense he was in a drug-induced hallucinatory state, seeing "signs pointing him to the house where he got into trouble," appellant pleaded and was found not guilty by reason of insanity.

{¶ 4} Following its finding, the court permitted appellant to enter an outpatient mental-health-treatment program, pending an R.C. 2945.40(A) hearing as to whether appellant's condition required hospitalization. When appellant failed to comply with the terms of his treatment, however, the court revoked his bond and

ordered a mental-health evaluation. As a result of this evaluation, the court found that appellant had a mental-health problem exacerbated by substance abuse and ordered him into a residential treatment program.

{¶ 5} Appellant was eventually released to another outpatient program on a "conditional release plan," but again violated the plan, testing positive for multiple drugs of abuse. This time, the court committed him to the Northcoast Behavioral Center in Toledo. Several months later, on the recommendation of Northcoast Behavioral, and following a June 30, 2005 hearing, the court found that appellant remained mentally ill and in need of hospitalization, but in a less restrictive setting. The court ordered appellant to a Cleveland facility known as "Teen Challenge."

{¶ 6} Appellant appealed the order to go to Teen Challenge but, subsequent to that appeal, was again before the court for violating the terms of his conditional release associated with that placement. Following the hearing on appellant's violation, the trial court changed his placement to a Georgia facility. Appellant also appealed this order. On appellant's motion, his appeals were consolidated.

{¶ 7} On appeal, appellant sets forth the following three assignments of error:

{¶ 8} "1) The trial court erred in finding that the burden of proof had been met by the State and finding that the defendant was a mentally ill person subject to hospitalization, pursuant to 2945.401 and 2945.402."

{¶ 9} "2) The trial court erred in failing to hold the hearing on conditional release within the time period allowed by O.R.C. Section 2945.402(C)."

{¶ 10} "3) The trial court erred in failing to appoint an independent expert, at State's expense, due to the defendant's indigency, upon defendant's motion, pursuant to O.R.C. Section 2945.40(C) and 2945.402."

## I. Mentally Ill Subject to Hospitalization

{¶ 11} In his first assignment of error, appellant insists that it was not shown by clear and convincing evidence that he was mentally ill subject to hospitalization. Whether a defendant is mentally ill and subject to hospitalization is a question of fact. See *State v. Jackson* (1981), 2 Ohio App.3d 11, 13, 2 OBR 11, 440 N.E.2d 1199. On review of a finding of a trier of fact that must be premised on clear and convincing evidence, the determination must be upheld so long as there is competent, credible evidence present by which the court could have formed a firm belief or conviction that the elements necessary to support such a finding have been proven. *C.E. Morris v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus; *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, at paragraph three of the syllabus.

{¶ 12} When an individual is adjudicated not guilty by reason of insanity, R.C. 2945.40(A) directs that the trial court conduct a hearing to determine whether he or she is a mentally ill person subject to hospitalization by court order. The person so adjudicated has a right to be present at such a hearing and any subsequent hearings; be represented by counsel; have an independent expert evaluation of his condition; be given the right to testify, yet not be compelled to testify; and have copies of relevant medical and mental health documents in the custody of the state. R.C. 2945.40(E)(1)-(5).

{¶ 13} The R.C. 2945.40 hearing is open to the public and is governed by the Rules of Civil Procedure. At such a hearing, the court is permitted to consider all relevant evidence, including psychiatric reports and any "history of the person that is relevant to the person's ability to conform to the law." R.C. 2945.40(D). If, after such a hearing, the trial court finds by clear and convincing evidence that an individual is mentally ill and subject to hospitalization, the court is directed to order appropriate commitment in "the least restrictive commitment alternative available that is consistent with public safety and the welfare of the person." R.C. 2945.40(F). An individual who is found not guilty by reason of insanity and committed pursuant to R.C. 2945.40 remains subject to the jurisdiction of the court, R.C. 2945.401(A); *Townsend v. McAvoy* (1984), 12 Ohio St.3d 314, 315, 12 OBR 385, 466 N.E.2d 555, until (1) the individual is no longer mentally ill and subject to hospitalization as determined by the trial court; (2) the maximum prison sentence that could have been imposed for the most serious offense with which the individual was charged expires; or (3) the individual becomes competent to stand trial. R.C. 2945.401(J)(1).

{¶ 14} As to what constitutes mental illness subject to hospitalization, courts are directed to employ the standards set forth in R.C. Chapter 5122 when those provisions are not in conflict with the criminal code. R.C. 5122.011. A mentally ill person subject to hospitalization is one whose illness represents a substantial risk of physical harm to himself or herself or others; is substantially and immediately at risk due to being unable to provide for his or her basic physical needs; or would benefit from treatment for behavior that poses an imminent risk to others or himself or herself. R.C. 5122.01(B).

{¶ 15} In determining whether an individual is mentally ill subject to hospitalization, the trial court must view the totality of the circumstances, examining the risk of physical harm, psychiatric and medical testimony, insight, the grounds the state advances for commitment, past history of acting in conformity with the law, and any considerations of remission. *In re Burton* (1984), 11 Ohio St.3d 147, 149, 11 OBR 465, 464 N.E.2d 530.

■ {¶ 16} In the present matter, there were expert testimony and multiple reports of a unanimous opinion that appellant has a mood disorder coupled with polysubstance dependence. Appellant's own report of the offense that led to these proceedings was that he had become delusional under the influence of drugs and alcohol. One professional opined that appellant could "easily relapse into a psychotic or mood disorder" if he returned to taking drugs. Moreover, it seems like whenever appellant is exposed to the least permissive atmosphere, he returns to drugs. Additionally, he minimizes his problem, suggesting little insight and a "high risk * * * of relapse."

{¶ 17} Applying the statutory factors to these facts, we must conclude that there was competent, credible evidence before the trial court at the June 30, 2005 hearing by which it could have formed a firm conviction that appellant is mentally ill and subject to hospitalization. Accordingly, appellant's first assignment of error is not well taken.

## II. Hearing on Conditional Release

{¶ 18} R.C. 2945.402(C) provides that a court issuing a warrant for an individual's violation of the terms of conditional release must hold a hearing within ten days to determine whether conditional release should be modified or revoked. The court may grant a single ten-day continuance for this hearing, but if no such hearing is timely held, defendant is statutorily restored to his prior conditional-release status.

■ {¶ 19} It is undisputed that the September 2, 2005 hearing following the violation of appellant's conditional release to Teen Challenge was outside the statutory time line. The remedy for such an infraction, however, is restitution to prior status. Since the result of the September hearing was that appellant maintain his same conditional-release status, only at a different facility, appellant is not prejudiced by any improper delay. Accordingly, appellant's second assignment of error is not well taken.

## III. Independent Evaluation

{¶ 20} In his remaining assignment of error, appellant asserts that the trial court erred when it denied his motion for appointment of an independent expert at the state's cost for his September 2005 hearing.

■ {¶ 21} A person found not guilty by reason of insanity is entitled to certain rights at all subsequent hearings held pursuant to R.C. 2945.37 through 2945.402, including a conditional-release revocation/modification hearing. If the individual is indigent, he or she is entitled to, inter alia, an independent-expert evaluation at public expense. R.C. 2945.40(C)(2). Consequently the trial court

erred in denying appellant's motion for an independent expert. Appellant's third assignment of error is well taken.

{¶ 22} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the court for the appointment of an independent-expert evaluator and rehearing. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.

Judgment affirmed in part
and reversed in part,
and cause remanded.

PIETRYKOWSKI and PARISH, JJ., concur.