[Cite as *State v. Johnson*, 2013-Ohio-3691.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012CA00231 |
| BOBBY TERRELL JOHNSON | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County
Court of Common Pleas, Case No. 2008-
CR-1483

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 26, 2013

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JOHN FERRERO      ANTHONY KOUKOUTAS
Stark County Prosecutor      116 Cleveland Avenue N.W.
BY: MARK CALDWELL      808 Courtyard Centre
110 Central Plaza South, Ste. 510      Canton, OH  44702
Canton, OH 44702-1413

*Gwin, P.J.*

{¶1} Appellant Bobby Terrell Johnson, Sr. ["Johnson"] appeals from the November 13, 2012 judgment entry of the Stark County Court of Common Pleas finding that Johnson was subject to continued hospitalization at a mental health facility pursuant to R.C. 2945.40.

*Facts and Procedural History*

{¶2} On September 12, 2008 the Stark County Grand Jury returned an indictment that charged Johnson with one count of aggravated burglary and one count of felonious assault.

{¶3} Johnson pleaded not guilty to these charges at his arraignment, and later supplemented this plea with a written plea of not guilty by reason of insanity. Because of this latter plea, the trial court ordered the evaluation of Johnson for purposes of sanity at the time of the crimes, as well an evaluation of Johnson to determine his competence to stand trial. Dr. Thomas M. Anuszkiewicz, Ph.D. did these examinations. The doctor found Johnson competent to stand trial and determined that Johnson was not suffering from any mental defect or illness.

{¶4} Johnson waived his right to a jury trial, and was tried to the court. The trial court found him not guilty by reason of insanity, and deferred placement until Johnson had served his prison term in a separate criminal case. Johnson had been indicted on November 26, 2008 on one count of Felonious Assault (F2) in Case No. 2008 CR 2011. This case was assigned to a different trial court and a written plea of Not Guilty by Reason of Insanity was filed. Johnson was examined by Dr. Anuszkiewicz and by a doctor from the Psycho-Diagnostic Center in Summit County. The reports issued by

both doctors found Johnson competent to stand trial and that he was not suffering from a mental illness or defect at the time of the alleged offense. Thereafter, Johnson entered a plea of guilty to the charge against him and he was sentenced to two years of incarceration at a state correctional institute. However, the trial court issued an order instructing the Stark County Sheriff's Department to hold Johnson at the Stark County Jail upon completion of his sentence for a hearing to determine his placement into Heartland Behavioral. Upon the completion of this prison term, the trial court committed Johnson to the Heartland Behavioral Healthcare facility, and ordered periodic review of this commitment.

{¶5} This review process culminated with a recommendation that Johnson be released from further commitment. Based on this recommendation, the trial court conducted an evidentiary hearing that included the testimony of three professionals who had evaluated, assessed, and treated Johnson during his commitment.

{¶6} At the conclusion of the hearing, the trial court concluded that there was clear and convincing evidence that further commitment was warranted in order to further evaluate Johnson's potential delusional disorder. The court's finding and conclusion was based primarily upon the testimony of Dr. Arcangela Wood a licensed forensic psychologist and director of the Psychodiagnosic Clinic,

> The Court finds that Dr. Wood, on behalf of the Forensic Center, has indicated that further appropriate evaluation of this potential condition [of a delusional disorder constituting an Axis I diagnosis] must be performed so that a determination may be made as to whether the defendant continues to suffer from a mental illness and as to whether the defendant is subject to

ongoing hospitalization under appropriate standards." The specific delusion that Johnson has persistently exhibited involves "individuals attempting to have sexual activity with [him].

*Assignment of Error*

{¶7} Johnson assigns one error,

{¶8} "I. THE TRIAL COURT ERRED IN CONTINUING TO HOLD THE APPELLANT IN A MENTAL HEALTH FACILITY WHEN THE APPELLANT DID NOT HAVE A MENTAL HEALTH ILLNESS REQUIRING HOSPITALIZATION."

I.

{¶9} R.C. 2945.40 governs the procedure for the initial determination of the appropriate disposition of a person who has been acquitted of a criminal charge by reason of insanity. The state in such cases has the burden of proving, *by clear and convincing evidence,* that the acquittee is a mentally ill person subject to hospitalization by court order. (Emphasis added). R.C. 2945.40(B) and (C). *State v. Johnson*, 32 Ohio St.3d 109, 111, 512 N.E.2d 652(1987). An individual who is found not guilty by reason of insanity and committed pursuant to R.C. 2945.40 remains subject to the jurisdiction of the court until: (1) the individual is no longer mentally ill and subject to hospitalization as determined by the trial court; (2) the maximum prison sentence that could have been imposed for the most serious offense with which the individual was charged expires; or (3) the individual becomes competent to stand trial. R.C. 2945.401(J)(1). See also, R.C. 2945.401(A); *Townsend v. McAvoy*, 12 Ohio St.3d 314, 315, 466 N.E.2d 555(1984).

{¶10} As to what constitutes mental illness subject to hospitalization, courts are directed to employ the standards set forth in R.C. Chapter 5122 when those provisions

are not in conflict with the criminal code. R.C. 5122.011. *State v. Werner,* 168 Ohio App.3d 272, 2006-Ohio-3866, 859 N.E.2d 986, ¶14.

{¶11} In Ohio, the term "mental illness" means "a substantial disorder of thought, mood, perception, orientation, or memory that grossly impairs judgment, behavior, capacity to recognize reality, or ability to meet the ordinary demands of life." R.C. 5122.01(A). *Licking & Knox Community Mental Health & Recovery Bd. v. T.B.,* 10th Dist. Franklin No. 10AP–454, 2010–Ohio–3487, ¶10. Because this definition is statutory, a person may be adjudicated as mentally ill regardless of whether their condition meets the clinical definition of mental illness. *State v. Sullivan,* 90 Ohio St.3d 502, 510, 739 N.E.2d 788, 2001-Ohio-6, note 4.

{¶12} R.C. 5122.01 states, in pertinent part:

(B) "Mentally ill person subject to hospitalization by court order" means a mentally ill person who, because of the person's illness:

(1) Represents a substantial risk of physical harm to self as manifested by evidence of threats of, or attempts at, suicide or serious self-inflicted bodily harm;

(2) Represents a substantial risk of physical harm to others as manifested by evidence of recent homicidal or other violent behavior, evidence of recent threats that place another in reasonable fear of violent behavior and serious physical harm, or other evidence of present dangerousness;

(3) Represents a substantial and immediate risk of serious physical impairment or injury to self as manifested by evidence that the person is unable to provide for and is not providing for the person's basic physical

needs because of the person's mental illness and that appropriate provision for those needs cannot be made immediately available in the community; or

(4) Would benefit from treatment in a hospital for the person's mental illness and is in need of such treatment as manifested by evidence of behavior that creates a grave and imminent risk to substantial rights of others or the person.

{¶13} The Ohio Supreme Court has held,

An individual whose mental illness is in a state of remission is subject to hospitalization pursuant to R.C. 5122.01(B) if there is a substantial likelihood that his freedom will result in physical harm to himself or other members of society. However, a nondangerous individual who is capable of surviving safely by himself, or with the assistance of willing and able family members or friends, is not subject to confinement under the statute.

*In re Burton*, 11 Ohio St.3d 147, 150, 464 N.E.2d 530(1984). *See also,* R.C. 2945.401(E)(6). R.C. 2945.401 further provides,

(G) In a hearing held pursuant to division (C) or (D)(1) of this section, the prosecutor has the burden of proof as follows:

(1) For a recommendation of termination of commitment, to show by clear and convincing evidence that the defendant or person remains a mentally ill person subject to hospitalization by court order or a mentally retarded person subject to institutionalization by court order;

\* \* \*

{¶14} In the case at bar, Johnson presented two witnesses during the November 7, 2012 evidentiary hearing. The first witness, Doctor Joel Schwartz was employed as the staff psychiatrist at Heartland Behavioral, one of the facilities that Johnson had been placed. Dr. Schwartz testifed that Johnson had been a patient for a six-month period at Heartland Behavioral. Johnson was not on any medications except for anticonvulsant's given for a seizure disorder.

{¶15} Dr. Schwartz testified that he reviewed psychiatric reports of Johnson prepared at other facilities and determined that Johnson was not a mentally ill individual subject to hospitalization. Instead, the doctor indicated that Johnson's mental illness was a behavioral disorder.

{¶16} Dr. Nathan Stephens testified that he was employed at Hartland Behavioral as a psychologist. Dr. Stephens had been involved in weekly group sessions with Johnson from March or April 2011, and had been treating Johnson for approximately 18 months.

{¶17} Doctor Stephens agreed with the diagnosis of Doctor Schwartz that Johnson had a personality disorder. Moreover, Doctor Stephens testified that Johnson did not have a mental health disorder. Johnson admitted Dr. Stephens certificate of examination prepared April 20, 2012 into evidence at the hearing.

{¶18} The State called Doctor Arcangela Wood, the director of the Psycho-Diagnostic Clinic and a licensed psychologist. Dr. Wood testified that based upon her review of the record that she could not rule out the possibility of Johnson having a delusional disorder. Dr. Wood indicated that she could not determine whether Johnson's beliefs that male individuals were trying to pursue a homosexual relationship with him

were ones that were based in reality. It was Dr. Wood's recommendation that a further evaluation be done of Johnson to determine whether he was in fact suffering from a delusional disorder.

**{¶19}** The trial court accepted Dr. Wood's recommendation. In the case at bar, Johnson argues that the trial court was not presented with clear and convincing evidence that he was a mentally ill person subject to continued hospitalization. In fact, Johnson contends, the Court was presented with the testimony of two doctors that he did not have a mental illness that would require continued hospitalization.

**{¶20}** The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." *In re Estate of Haynes*, 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23 (1986).

**{¶21}** The Ohio Supreme Court has delineated our standard of review as follows,

> Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. See *Ford v. Osborne*, 45 Ohio St. 1, 12 N.E. 526, *Cole v. McClure*, 88 Ohio St. 1, 102 N.E. 264, and *Frate v. Rimenik,* 115 Ohio St. 11, 152 N.E. 14.

*Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E. 2d 118 (1954). A court of appeals will affirm the trial court's findings "if the record contains competent, credible evidence by which the court could have formed a firm belief or conviction that the essential statutory elements...have been established." *In re Adkins,* 5th Dist. Nos. 2005AP06–0044 and 2005AP07–0049, 2006-Ohio-431, 2006 WL 242557, ¶17.

{¶22} The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 1997-Ohio-260, 674 N.E.2d 1159. Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. No. 07 MA 198, 2008-Ohio-6635, ¶31, quoting *State v. Woullard,* 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964, ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, citing *State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist.1999).

{¶23} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

**{¶24}** In *Cross v. Ledford,* 161 Ohio St. 469, 477, 120 N.E. 2d 118 (1954), the Supreme Court further cautioned,

> The mere number of witnesses, who may support a claim of one or the other of the parties to an action, is not to be taken as a basis for resolving disputed facts. The degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. *Where the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false.* See *Rice v. City of Cleveland*, 114 Ohio St. 299, 58 N.E.2d 768.

161 Ohio St. at 477-478. (Emphasis added). Finally, the Court in *Cross* noted,

> As in most cases, the evidence is in conflict in this case. The trial judge, having heard the witnesses testify, was in a far better position to evaluate their testimony than a reviewing court. There is substantial evidence in the record upon which he could base his findings of fact. Such evidence, if he believed certain witnesses, was sufficient to produce in his mind a firm belief or conviction as to the plaintiffs' allegations. Under such circumstances, a reviewing court may not as a matter of law substitute its judgment as to what facts are shown by the evidence for that of the trial court.

161 Ohio St.3d 478, 120 N.E.2d 118.

**{¶25}** In addition to her testimony at the November 7, 2012 evidentiary hearing, Dr. Wood submitted a 19-page report dated October 17, 2012, which detailed her assessment of Johnson, his past mental health evaluations, hospitalizations and legal problems. In her report, she noted the opinion and report of Dr. Anuszkiewicz. Based upon Johnson's violent episodes in February, May and September 2012, Dr. Wood recommended further evaluation and observation to further explore Johnson's beliefs in order to identify if his beliefs are consistent with a delusional disorder.

**{¶26}** Contrary to Johnson's arguments, it is of no consequence that the trial court's findings are in contravention of Johnson's or any other witness's testimony. *Disciplinary Counsel v. Zingarelli*, 89 Ohio St.3d 210, 217, 729 N.E.2d 1167(2000). Because the record does not weigh heavily against the findings of the trial court, "we defer to the [trial court's] credibility determinations, inasmuch as the [trial court] saw and heard [the witnesses] firsthand." *Cuyahoga Cty. Bar Assn. v. Wise*, 108 Ohio St.3d 164, 2006-Ohio-550, 842 N.E.2d 35, ¶24.

**{¶27}** Consequently, we accept the trial court's conclusion that the facts and circumstances clearly and convincingly demonstrate that Johnson's is a mentally ill person subject to contined hospitalization by court order.

**{¶28}** Johnson's sole assignment of error is overruled.

{¶29} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


_____
HON. CRAIG R. BALDWIN


WSG:clw 0820

[Cite as *State v. Johnson*, 2013-Ohio-3691.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BOBBY TERRELL JOHNSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012CA00231 |

For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN