IN RE KLEPPER

[Cite as In re Klepper (1977), 49 Ohio St. 2d 211.]

(No. 76-701—Decided March 9, 1977.)

Mr. *Leroy Pernell,* for appellant.
Messrs. *Vorys, Sater, Seymour & Pease* and Mr. *James P. Friedt,* for appellee Harding Hospital, Inc.

*Per Curiam.* The judgment of the Court of Appeals is reversed.

The petition states a cause of action alleging that petitioner has been committed to a private mental institution for a period not to exceed 90 days and is being deprived and restrained of her liberty without due process of law in violation of her constitutional rights.

The Court of Appeals was in error in sustaining the motion to dismiss. Habeas corpus will lie to determine whether a person was afforded substantive and procedural due process in non-criminal involuntary civil commitment proceedings, undertaken pursuant to R. C. 5122.15, where habeas corpus relief is the only plain and adequate remedy available for the vindication of federal constitutional rights. *In re Fisher* (1974), 39 Ohio St. 2d 71, 75; *Freeman* v. *Maxwell, Warden* (1965), 4 Ohio St. 2d 4. See R. C. 5122.30.

It is strongly argued that the petition should be dismissed on the ground that it is moot because the petitioner was discharged from the hospital. However, that fact* alone is no longer sufficient to moot a cause such as the one at bar. The issue concerning continuing collateral disability must still be determined. See *McDuffie* v. *Berzzarins* (1975), 43 Ohio St. 2d 23; *State* v. *Wilson* (1975), 41 Ohio St. 2d 236; *Burton* v. *Reshetylo* (1974), 38 Ohio St. 2d 35. The efficacy of the syllabus in *In re Popp* (1973), 35 Ohio St. 2d 142, now appears doubtful.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court.

*Judgment reversed.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., not participating.

---

*Although all seem to be in agreement upon this question, our search of the record fails to disclose petitioner's official discharge from confinement. Upon remand, care should be taken to complete the record in this regard.