YOUNGS, APPELLANT, *v.* ROGERS, SUPT., APPELLEE.

[Cite as Youngs v. Rogers (1981), 65 Ohio St. 2d 27.]

(No. 80-1391—Decided March 18, 1981.)

*Mr. Harold L. Levey,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Robert J. Marek,* for appellee.

*Per Curiam.* This court has recognized that habeas corpus will lie to test the original confinement of an individual involuntarily committed pursuant to R. C. 5122.15 where fundamental constitutional guarantees are involved. *In re Larkins* (1976), 48 Ohio St. 2d 21; *McDuffie* v. *Berzzarins* (1975), 43 Ohio St. 2d 23; *In re Fisher* (1974), 39 Ohio St. 2d 71. We have specifically held that:

" * * * Habeas corpus will lie to determine whether a person was afforded substantive and procedural due process in non-criminal involuntary civil commitment proceedings, undertaken pursuant to R. C. 5122.15, where habeas corpus relief is the only plain and adequate remedy available for the vindication of federal constitutional rights." *In re Klepper* (1977), 49 Ohio St. 2d 211, 212.

In those cases, however, we have held that habeas corpus is not a substitute for an appeal or for any other adequate remedy at law.[1] In the instant cause we are asked to deter-

---

[1] The one deviation from these cases is *Sheffel* v. *Sulikowski* (1980), 62 Ohio St. 2d 128, in which this court granted habeas corpus relief based upon a finding, as a matter of law, that petitioner's commitment was not supported by clear and convinc-

mine if the Court of Appeals properly dismissed appellant's complaint for writ of habeas corpus because adequate remedies were available in the ordinary cause of the law.

Appellant asserts that the filing of objections to a referee's report, pursuant to R. C. 5122.15(J),[2] is not a plain and adequate alternative to a habeas corpus proceeding in the instant cause. We disagree. R. C. 5122.15(J) states that a party to a civil commitment proceeding has 14 days in which to file written objections to the referee's order with the Probate Court. Within 10 days of this filing, the probate judge must hold a hearing on the objections. At this hearing the judge "may hear and consider any testimony or other evidence relating to the respondent's mental condition," and "the judge may ratify, rescind, or modify the referee's order." R. C. 5122.15(J). Thus, pursuant to this statutory procedure, appellant may obtain a speedy hearing in which she can raise the same issues that she seeks to raise in her habeas corpus complaint. Therefore, the filing of objections to the referee's report provided a plain and adequate remedy at law to appellant at the time she sought the writ in habeas corpus. The Court of Appeals properly dismissed appellant's habeas corpus complaint.

---

ing evidence. In that case there were legitimate due process issues raised by petitioner, which were properly justiciable through habeas corpus. *In re Klepper* (1977), 49 Ohio St. 2d 211, 212. These constitutional issues, however, were avoided through the resolution of that case on an evidentiary basis. *Sheffel* v. *Sulikowski, supra,* at 132, fn. 5. Although our evidentiary conclusion was correct, this court should never have reached that issue. A review of the evidence should not have been made under habeas corpus, because there existed an adequate remedy at law by way of appeal for that purpose. Accordingly, *Sheffel,* to the extent inconsistent with this opinion, is overruled.

[2] R. C. 5122.15 (J) provides that:

"A referee appointed by the court may make all orders that a judge may make under this section and sections 5122.11 and 5122.141 of the Revised Code, except an order of contempt of court. The orders of a referee take effect immediately. Within fourteen days of the making of an order by a referee, a party may file written objections to the order with the court. Such objections shall be considered a motion, shall be specific, and shall state its grounds with particularity. Within ten days of the filing of such objections, a judge of the court shall hold a hearing on the objections and may hear and consider any testimony or other evidence relating to the respondent's mental condition. At the conclusion of the hearing, the judge may ratify, rescind, or modify the referee's order."

In addition, there is a right to appeal the Probate Court's initial commitment order, whether entered under R. C. 5122.15 (C), after objections are ruled upon by the Probate Court, or under R. C. 5122.15(J), once the 14-day objection period has passed. Such orders are specifically made final under R. C. 5122.15(K)[3] and thus appealable under R. C. 2101.42. Clearly, an appeal provides appellant with an adequate remedy to review the sufficiency of the evidence and to resolve the procedural issue sought to be raised through habeas corpus in the instant cause.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

[3] R. C. 5122.15 (K) provides that:

"An order of the court under division (C), (H) or (J) of this section is a final order."