RODEN, APPELLANT, *v.* HUBBARD, SUPT., APPELLEE.

[Cite as Roden v. Hubbard (1981), 65 Ohio St. 2d   37.]

(No. 80-1231—Decided March 18, 1981.)

*Mr. David A. Little,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. David E. Stocker,* for appellee.

*Per Curiam.* Appellant basically contends that the Court of Appeals' decision is in conflict with R. C. 5122.30[2] and with this court's decision in *Sheffel* v. *Sulikowski* (1980), 62 Ohio St. 2d 128. We do not agree.

While R. C. 5122.30 does provide for habeas corpus relief to persons who are detained pursuant to R. C. Chapter 5122, this court has consistently held that if a petitioner has an adequate remedy at law the extraordinary writ of habeas corpus will not issue. *Ex parte Justes* (1930), 121 Ohio St. 628; *In re Clendenning* (1945), 145 Ohio St. 82, paragraph four of the syllabus; *In re Burson* (1950), 152 Ohio St. 375, 384; *In re Harley* (1957), 167 Ohio St. 48; *In re Hunt* (1976), 46 Ohio St. 2d 378, paragraph two of the syllabus.

Clearly, in this cause, the issues raised by appellant can be adequately dealt with through the periodic review provided by R. C. 5122.15(H). That statutory subsection provides, in pertinent part:

"Upon request of a person involuntarily committed under this section, or the person's counsel, made more than one hundred eighty days after the person's last full hearing, mandatory or requested, the court shall hold a full hearing on the person's continued commitment. * * *"

Thus, R. C. 5122.15(H) provides for periodic subsequent review to be initiated by those persons involuntarily committed. As the Court of Appeals stated in its opinion, "the full hearing provided by R. C. 5122.15 affords the person committed with extensive and adequate benefits and safeguards assuring the adequacy of the hearing on his mental condition, together with the usual rights of appeal from adverse appealable orders."

This holding does not render R. C. 5122.30 a total nullity. The provisions of that section providing for the use of the extraordinary writ of habeas corpus are applicable in other situations. Habeas corpus lies where the jurisdiction of the committing or reviewing court is challenged, or where constitutional

---

[2] R. C. 5122.30 provides:

"Any person detained pursuant to Chapter 5122 of the Revised Code shall be entitled to the writ of habeas corpus upon proper petition by himself or a friend to any court generally empowered to issue the writ of habeas corpus in the county in which he is detained."

issues arise which cannot be properly addressed in the periodic hearings provided for in R. C. 5122.15(H). See *Suzuki* v. *Quisenberry* (D. Hawaii 1976), 411 F. Supp. 1113, 1134.

The appellant's reliance upon *Sheffel, supra,* is also misplaced. That case involved the granting of habeas corpus relief where the petitioner's original commitment was at issue. This court has consistently recognized the writ of habeas corpus as a means to address constitutional challenges concerning the propriety of an individual's original commitment during the initial 90-day period of confinement. *In re Klepper* (1977), 49 Ohio St. 2d 211; *In re Larkins* (1976), 48 Ohio St. 2d 21; *In re Fisher* (1974), 39 Ohio St. 2d 71. Utilization of the extraordinary writ in these situations has been premised upon the nature of the constitutional issues raised, the necessity for expedited appellate consideration so that relief may be afforded within the 90-day period of commitment, and a recognition of the importance of review of this initial deprivation of liberty. See *McDuffie* v. *Berzzarins* (1975), 43 Ohio St. 2d 23; *In re Fisher, supra.* Here, these same factors do not apply since review of the continued commitment is at issue. R. C. 5122.15(H) provides appellant with an adequate remedy at law on the issues he seeks to raise, thus precluding habeas corpus as a means of relief.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.