Appellant, Adam Moody, appeals a Butler County Court of Common Pleas decision denying his petition for writ of habeas corpus. Upon review, we affirm.
On January 29, 1998, in case number CR97-07-0759, appellant was convicted and sentenced to a term of one year in the Butler County jail for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), a felony of the fourth degree ("felony DUI"). In that case, appellant was also sentenced for various misdemeanors, and all corresponding jail terms were to be served concurrently with each other.
On the same date, in case number CR97-11-1194, appellant was convicted and sentenced to a term of one year in the Butler County jail for driving under the influence of alcohol in violation of R.C 4511.19(A)(1), a misdemeanor of the first degree ("misdemeanor DUI"). In that case, appellant was also sentenced for various misdemeanors and all corresponding jail terms were to be served concurrently with each other. However, while all of the misdemeanor terms were to be served concurrently, the trial court ordered that the fourth degree felony DUI sentence be servedconsecutively to the first degree misdemeanor DUI.
Eleven months later, on December 15, 1998, appellant filed an application for writ of habeas corpus contending that pursuant to R.C. 2929.41(A), the trial court should have ordered that his felony sentence be served concurrently with his misdemeanor sentence. On January 21, 1999, the trial court issued and filed an order dismissing appellant's application for writ of habeas corpus. In its order, the trial court examined R.C. 2929.41(A), which addresses multiple sentences and provides:
 a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state or federal correctional institution.
(Emphasis added.) The trial court reasoned that because appellant was serving his sentences in the local jail, R.C. 2929.41(A) was inapplicable to the instant case. Furthermore, the trial court reasoned that pursuant to R.C. 2929.41(B)(1), "a sentence of imprisonment for a misdemeanor shall be served consecutively to any other sentence of imprisonment" when the trial court so specifies. Accordingly, the trial court dismissed appellant's application for writ of habeas corpus.
Appellant then filed the instant appeal on February 19, 1999, citing a single assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONER-APPELLANT IN DISMISSING HIS APPLICATION FOR WRIT OF HABEAS CORPUS.
Under this assignment of error, appellant asserts several arguments. First, he argues that pursuant to R.C. 2929.41 the trial court erred by not ordering that his felony DUI sentence be served concurrently with his misdemeanor DUI sentence. Second, he argues that the consecutive sentence imposed in the instant matter did not comport with the legislature's overall intention to create a sentencing scheme proportional to the offense committed. Finally, appellant argues that R.C. 2929.41 as applied in the instant matter is unconstitutional because it creates a violation of his rights to due process and equal protection, and constitutes cruel and unusual punishment. For the reasons set forth below, we need not address appellant's contentions.
Habeas corpus is a writ directed to the person detaining another, commanding that person to produce the body of the detained person for the purpose of testing the legality of the detention. In order to withstand a motion to dismiss, a petition for a writ of habeas corpus must meet both the requirements of R.C. 2725.04 and attack the jurisdiction of the sentencing court.Hammond v. Dallman (1992), 63 Ohio St.3d 666. Furthermore, a writ of habeas corpus is not available if there is a plain and adequate remedy at law, and shall not be a substitute for an appeal. Inre: Petition of Brown (1990), 49 Ohio St.3d 222; Roden v.Hubbard (1981), 65 Ohio St.2d 37; Youngs v. Rogers (1981),65 Ohio St.2d 27.
It has long been recognized that sentencing errors are not jurisdictional and are not cognizable in habeas corpus. Majorosv. Collins (1992), 64 Ohio St.3d 442; Blackburn v. Jago
(1988), 39 Ohio St.3d 139. Accordingly, habeas corpus is not a proper remedy for reviewing errors of sentencing by a court of competent jurisdiction. Blackburn at 139. Additionally, upon review, we find that appellant possessed adequate legal remedies, either by direct appeal or postconviction relief, to raise the sentencing errors alleged herein. State ex rel. Massies v. Rogers (1997),77 Ohio St.3d 449; Thomas v. Collins (1996), 74 Ohio St.3d 413.
Given the foregoing, appellant was not entitled to habeas corpus relief. Accordingly, the trial court did not err when it dismissed appellant's application for writ of habeas corpus. Appellant's assignment of error is overruled and the judgment of the trial court is hereby affirmed.
POWELL, P.J. and WALSH, J., concur.