ADOPTION LINK, INC., APPELLANT, *v.* SUVER, DIR., APPELLEE.

[Cite as *Adoption Link, Inc. v. Suver*, 112 Ohio St.3d 166, 2006-Ohio-6528.]

*Habeas corpus — Child custody — A juvenile court has exclusive jurisdiction to determine custody of any child not a ward of another court — Parents may permanently surrender a child under six months of age to a child-placing agency if they have custody of the child — Judgment affirmed.*

(No. 2006-1646 ─ Submitted November 29, 2006 ─ Decided December 27, 2006.)

APPEAL from the Court of Appeals for Greene County,

No. 06-CA-81, 2006-Ohio-4438.

───────────────

**Per Curiam.**

**{¶ 1}**  This is an appeal from a judgment dismissing a petition for a writ of habeas corpus filed by a private child-placing agency to obtain custody of a child.  Because the petition failed to state a viable habeas corpus claim, we affirm.

**{¶ 2}**  Kathy Jo Teegarden and Roy John Jones Jr. are the biological parents of T.J., who was born on December 30, 2005.  Shortly after T.J.'s birth, the Clark County Court of Common Pleas, Domestic Relations Division, Juvenile Section placed the child in the temporary-shelter care of the Clark County Department of Job and Family Services.  T.J. was placed in a foster home in Clark County, where he remains.  The department successfully sought temporary custody of T.J. from the Clark County Juvenile Court.  The juvenile court found that T.J. was a dependent child and that it was in the child's best interest to commit the child to the custody of the department.  The parents executed and filed in the Greene County Juvenile Court agreements permanently surrendering custody of T.J. to appellant, Adoption Link, Inc., a private child-placing agency

located in Greene County. The Greene County Juvenile Court approved the permanent-surrender agreements and granted permanent custody of T.J. to Adoption Link.

**{¶ 3}** The Clark County Department of Job and Family Services filed a motion to vacate the permanent-surrender order. The Greene County Juvenile Court denied the department's motion and ordered it to relinquish custody of T.J. to Adoption Link.

**{¶ 4}** After the Clark County Department of Job and Family Services refused to relinquish custody of T.J., Adoption Link filed a petition in the Court of Appeals for Greene County. In its amended petition, Adoption Link requested a writ of habeas corpus to compel appellee, Robert Suver, the director of the department, to immediately transfer physical custody of T.J. from the department to Adoption Link. Although Adoption Link acknowledged that the Clark County Juvenile Court had awarded temporary custody of T.J. to the department, it did not attach a copy of this entry to its petition. Suver filed a brief in opposition, which the court of appeals treated as a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The court of appeals granted Suver's motion and dismissed the amended petition.

**{¶ 5}** In its appeal as of right, Adoption Link asserts that the court of appeals erred in dismissing its habeas corpus petition.

**{¶ 6}** "In order to prevail on a petition for a writ of habeas corpus in a child custody case, the petitioner must establish that (1) the child is being unlawfully detained, and (2) the petitioner has the superior legal right to custody of the child." *State ex rel. Bruggeman v. Auglaize Cty. Court of Common Pleas* (1999), 87 Ohio St.3d 257, 719 N.E.2d 543; see, also, *In re Bailey*, 98 Ohio St.3d 309, 2003-Ohio-859, 784 N.E.2d 109, ¶ 11.

**{¶ 7}** As the court of appeals correctly concluded, Adoption Link is unable to establish either of these requirements for the following reasons.

**{¶ 8}** First, the Clark County Juvenile Court had exclusive original jurisdiction to "determine the custody of any child not a ward of another court of this state" and to "hear and determine requests for the extension of temporary custody agreements, and requests for court approval of permanent custody agreements, that are filed pursuant to section 5103.15 of the Revised Code." R.C. 2151.23(A)(2) and (9); see, also, *In re Hockstok*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶ 15. Because the Clark County Juvenile Court granted legal custody of T.J. to the department and retained jurisdiction, T.J. became a ward of that court, and the Greene County Juvenile Court lacked jurisdiction to grant custody of T.J. to Adoption Link. See, e.g., *In re Frenz*, Tuscarawas App. Nos. 2003AP040027 and 2003AP030025, 2003-Ohio-3653, ¶ 23-24 (juvenile court lacked jurisdiction to determine motion for permanent custody in matter involving child who was the ward of another juvenile court by prior custody determination); see, also, Juv.R. 2(QQ), defining "[w]ard of court" as "a child over whom the court assumes continuing jurisdiction."

**{¶ 9}** Second, R.C. 5103.15(B)(2) does not permit parents of a child less than six months old who do not have legal custody of the child to enter into an agreement with a private child-placing agency surrendering the child to the permanent custody of that agency. To be sure, R.C. 5103.15(B)(2) provides, "The parents of a child less than six months of age may enter into an agreement with a private child placing agency surrendering the child into the permanent custody of the agency without juvenile court approval if the agreement is executed solely for the purpose of obtaining the adoption of the child." But that provision must be read in context and be construed in pari materia with the other provisions of R.C. 5103.15, which manifestly condition any such permanent-surrender agreement on the parents or other specified persons having custody of the child. See, e.g., R.C. 5103.15(A)(1) ("The parents, guardian, or other persons *having the custody of a child* may enter into an agreement with any public children services agency or

private child placing agency * * *" [emphasis added]); R.C. 5103.15(B)(1) ("Subject to, except as provided in division (B)(2) of this section, juvenile court approval, the parents, guardian, or other persons *having custody of a child* may enter into an agreement with a public children services agency or private child placing agency surrendering the child into the permanent custody of the agency" [emphasis added]). When the parents attempted to permanently surrender their rights to T.J. to Adoption Link, they lacked authority to do so because the department had legal custody of the child.

**{¶ 10}** Finally, Adoption Link did not attach all of the pertinent entries concerning the custody of T.J. to its habeas corpus petition and therefore did not comply with the pleading requirements of R.C. 2725.04(D), which are applicable to child-custody habeas corpus actions. See *Holloway v. Clermont Cty. Dept. of Human Servs.* (1997), 80 Ohio St.3d 128, 132, 684 N.E.2d 1217. Adoption Link did not attach any of the Clark County Juvenile Court orders granting custody of T.J. to the department to either its petition or its amended petition.

**{¶ 11}** Based on the foregoing, the court of appeals properly determined that Adoption Link's amended petition failed to state a claim upon which relief could be granted and that it should be dismissed. Accordingly, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Voorhees & Levy, L.L.C., and Michael R. Voorhees, for appellant.

---

[1] We deny Adoption Link's request for oral argument. The parties' briefs are sufficient to resolve this appeal. See, e.g., *State ex rel. Brown v. Butler Cty. Bd. of Elections*, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 38, fn. 1.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and Roger A. Ward, Assistant Prosecuting Attorney, for appellee.

_____