EALY, APPELLANT, *v.* STEWART ET AL., APPELLEES.

[Cite as *Ealy v. Stewart,* 121 Ohio St.3d 1, 2009-Ohio-256.]

(No. 2008–1590—Submitted January 14, 2009—Decided January 28, 2009.)

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of Larry E. Ealy for a writ of habeas corpus challenging the involuntary civil commitment of his son because his son had an adequate remedy by way of appeal to raise his claims. See *Youngs v. Rogers* (1981), 65 Ohio St.2d 27, 19 O.O.3d 223, 417 N.E.2d 1250.

{¶ 2} Ealy's reliance on R.C. 5122.30 does not warrant a different result. "While R.C. 5122.30 does provide for habeas corpus relief to persons who are detained pursuant to R.C. Chapter 5122, this court has consistently held that if a petitioner has an adequate remedy at law the extraordinary writ of habeas corpus will not issue." *Roden v. Hubbard* (1981), 65 Ohio St.2d 37, 38, 19 O.O.3d 228, 417 N.E.2d 1255. In fact, Ealy's son did appeal his commitment order, which was dismissed after he failed to respond to a show-cause order. The fact that alternate remedies have already been invoked does not entitle petitioner to a writ of habeas corpus. *Everett v. Eberlin,* 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 6.

{¶ 3} Our holding renders appellees' motion to strike and motion to dismiss moot.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would direct the court of appeals to order a return on the writ.

Larry E. Ealy, pro se.

Beverly Stewart, for appellees.