[Cite as *Elmer v. Moore*, 2014-Ohio-3709.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Lisa C. Elmer                                    Court of Appeals No. E-14-097

      Petitioner

v.

Robert M. Moore                            **DECISION AND JUDGMENT**

      Respondent                          Decided:  August 27, 2014

* * * * *

Lisa C. Elmer, pro se.

* * * * *

**JENSEN, J.**

{¶ 1} In this original action, Lisa C. Elmer filed a petition for a writ of habeas corpus in the Court of Appeals for Erie County.  Petitioner seeks a writ from the court releasing her from her court-appointed guardian, respondent, Robert M. Moore.  For the reasons that follow, we deny the petition.

{¶ 2} According to the petition, respondent became petitioner's guardian on March 2, 2005, when petitioner was 35 years old, by order of the Erie County Common Pleas Court, Probate Division. Petitioner does not state what prompted the appointment of a guardian.

{¶ 3} As a basis for terminating the guardianship, petitioner claims that respondent divested her assets, spent all of her money, and sent her "to one nursing home after another * * * keeping [me] drugged up in the process." As for her current status, petitioner states, "[a]fter taking [my] money for himself, [respondent] finally allowed [me] to be released from nursing homes; to find a place to live and to secure employment." Currently, petitioner has her own apartment and is "working everyday." In support of her argument that a guardian is no longer necessary, petitioner states that respondent "NEVER VISITED THE PETITIONER, LISA C. ELMER, NOT EVEN ONCE." (Emphasis in original.)

**Law and Analysis**

{¶ 4} "A writ of habeas corpus is warranted in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law." (Citations omitted.) *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 39. In Ohio, the use of habeas corpus is governed by statute, as set forth in R.C. Chapter 2725.

{¶ 5} Initially, we find that petitioner has failed to comply with the pleading requirement set forth in R.C. 2725.04(D), which requires that a copy of the commitment

2.

papers accompany the petition. R.C. 2725.04(D) provides, "[a] copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear." As explained by the Supreme Court of Ohio,

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application. *Watkins* at ¶ 32, quoting *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

{¶ 6} Here, petitioner did not attach commitment papers demonstrating an unlawful detention or restraint. Indeed, petitioner is *not* alleging that her freedom of movement is currently being infringed upon or that respondent has detained or confined her. According to petitioner, she lives independently, and respondent has never visited her home. This is simply not the type of situation a writ of habeas corpus was created to address.

{¶ 7} In any event, a habeas corpus petition that fails to comply with the commitment-paper requirement of R.C. 2725.04 is fatally defective and is subject to dismissal. *Hawkins v. S. Ohio Corr. Facility,* 102 Ohio St.3d 299, 2004-Ohio-2893, 809

3.

N.E.2d 1145, ¶ 4; *see also Adoption Link, Inc. v. Suver*, 112 Ohio St.3d 166, 2006-Ohio-6528, 858 N.E.2d 424, ¶ 10 (habeas petition properly dismissed, in part, where adoption agency failed to attach to the petition the juvenile court orders granting custody of child to state agency). In this case, because petitioner failed to attach the proper documentation or otherwise demonstrate unlawful imprisonment or detention, the application is deficient.

{¶ 8} In addition, we find that a substantive examination of the petition does not support the granting of a writ of habeas corpus.

{¶ 9} R.C. 2725.01 provides, "[w]hoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

{¶ 10} Habeas corpus may be used to challenge the legality of criminal and civil detentions, including an involuntary commitment to a mental institution. *Youngs v. Rogers,* 65 Ohio St.2d 27, 28, 417 N.E.2d 1250 (1981). As discussed above, however, petitioner is not alleging any detention or physical confinement.

{¶ 11} While petitioner calls this a request for a writ of habeas corpus, she is essentially asking this court to terminate her guardianship. Petitioner's claims belong in the probate court. R.C. 2101.24(A)(1)(e) provides, in part, that "the probate court has exclusive jurisdiction * * * to appoint and remove guardians[,] * * * direct and control their conduct, and settle their accounts." R.C. 2101.24(A)(1)(e); *see also In re*

4.

*Clendenning*, 145 Ohio St. 82, 89, 60 N.E.2d 676 (1945) (explaining that a common pleas court cannot grant a writ of habeas corpus upon finding that a ward is no longer incompetent because the probate court is the only court that can restore control of property subject to a guardianship to the ward). Writs of habeas corpus are reserved for those cases where a petitioner has no remedy in the ordinary course of law. *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 10, quoting *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. In this case, petitioner's remedy is to pursue termination of her guardianship in the probate court. In fact, petitioner states that she has pursued termination of the guardianship "several times" in the probate court, but that her requests have been denied. Habeas corpus may not be used as a substitute for an appeal. *Youngs* at 28. For all of the above reasons, petitioner's application for a writ of habeas corpus is denied.

{¶ 12} Finally, attached to petitioner's application is a request for injunctive relief. Petitioner does not identify what injunctive relief she is seeking. She does claim, however, that she fears respondent will contact her doctor in an effort to increase her medications once he learns of the petition. Petitioner adds that additional medications will preclude her from maintaining her employment.

{¶ 13} Petitioner's request for injunctive relieve is denied. The court of appeals does not have original jurisdiction to hear such actions. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health,* 77 Ohio St.3d 247, 248, 673 N.E.2d 1281 (1997) ("Neither this court

5.

nor a court of appeals has original jurisdiction in prohibitory injunction.  Therefore, the court of appeals properly dismissed that portion of [relator's mandamus] complaint which requested injunctive relief.")  (Citations omitted.)

{¶ 14} Based on the foregoing, we deny and dismiss the petition for a writ of habeas corpus and the request for injunctive relief.  We deny as moot petitioner's motion to proceed in forma pauperis.  Costs assessed to petitioner.

{¶ 15} **To the Clerk:  Manner of Service.**

{¶ 16} Serve upon all parties in a manner prescribed by Civ.R. 5(B) notice of the judgment and its date of entry upon the journal.

Petition dismissed.

Mark L. Pietrykowski, J.                        _____
                                              JUDGE

Arlene Singer, J.             

James D. Jensen, J.                    _____
CONCUR.                                              JUDGE

                                              _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.